IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH MULLINS, | § § | |
| *Plaintiff,* | § § § | SA-21-CV-00329-JKP |
| vs. | § § | |
| DPAC ACCEPTANCE, LTD., | § § § | |
| *Defendant.* | § § | |

### ORDER SETTING TELEPHONIC INITIAL PRETRIAL CONFERENCE

Before the Court is the above-styled and numbered cause of action, which was referred to the undersigned on April 6, 2021 for all non-dispositive pretrial proceedings [#3]. The record reflects that Defendant filed its Answer on May 14, 2021. The Court will therefore set this case for its standard initial pretrial conference and direct the parties to confer in accordance with Rule 26. At the conference, the Court will enter a Scheduling Order in this case.

**IT IS THEREFORE ORDERED** that, pursuant to Rule 16 of the Federal Rules of Civil Procedure, this case is set for a **Telephonic Initial Pretrial Conference** at **10:00 a.m. on August 19, 2021**. All parties are **required to appear by phone** for the conference. The contact information for the conference is as follows:

\*\*Please call in 5 minutes prior to start of hearing.\*\*

1. Toll free number:  888-808-6929

2. Access code: 9923187

3. Participant Security Code: 081921

If there are questions regarding the telephonic appearance, the parties should contact Valeria Sandoval, Courtroom Deputy, at txwdml_chambers_sa_judgechestney@txwd.uscourts.gov.

1

The use of speaker phones is prohibited during a telephonic appearance. Additionally, because earlier hearings in other cases may be in progress at the time attorneys call in for their scheduled hearing, attorneys should call in with their phones on "mute" and wait for the Courtroom Deputy to address them before they speak.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26(f) of the Federal Rules of Civil Procedure and submit a Joint Discovery/Case Management Plan that answers the following questions no later than **August 17, 2021**:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?
4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7. What, if any, discovery disputes exist?
8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9. Have the parties discussed mediation?

The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

**IT IS FURTHER ORDERED** that the parties submit a **proposed scheduling order** pursuant to Local Rule CV-16(c), no later than **August 17, 2021**. The Court will discuss with the parties any proposed changes to the Court's standard scheduling order based on the unique circumstances of this case at the Initial Pretrial Conference.

The proposed scheduling order shall contain suggestions for the following deadlines:

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before [30 days after entry of the Scheduling Order].

3. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before [60 days after entry of the Scheduling Order], and each opposing party shall respond, in writing on or before [14 days after receipt of the offer of settlement]. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4. On or before [60 days after entry of the Scheduling Order], the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is [60 days after entry of the Scheduling Order].

5. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before [90 days after entry of the Scheduling Order].

6. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before [120 days after entry of the Scheduling Order].

7. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. Parties shall initiate all discovery procedures in time to complete discovery on or before [180 days after entry of the Scheduling Order]. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before [15 days after the discovery deadline].

11. On or before [15 days after the discovery deadline], the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before [45 days after the discovery deadline], parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

The parties shall submit the proposed order in a form similar to the attached.

**IT IS SO ORDERED.**

SIGNED this 19th day of May, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

|  |  |  |
|---|---|---|
| *Plaintiff,* | § § § § § § | |
| vs. | § § § | |
| *Defendant.* | § § § § | |

## **SCHEDULING RECOMMENDATIONS**

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case. In accordance with Federal Rule of Civil Procedure 6(a), if a deadline set in this order falls on a weekend or a holiday, the effective day will be the next business day.

1. Parties shall make initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). To the extent a defendant knows the identity of a responsible third party contemplated by Texas Civil Practices & Remedies Code § 33.004, such identity is subject to disclosure under Rule 26(a)(1)(A)(i).

2. The parties shall file a report on alternative dispute resolution in compliance with Local Rule CV-88(b) on or before _____.

3. Parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before _____, and each opposing party shall respond, in writing on or before _____. All offers of settlement are to be private, not filed. The parties shall retain the written offers of settlement and response, as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings. At any time, if any parties reach a settlement, they should immediately notify the Court by filing a joint advisory. The joint advisory shall state the parties who reached the settlement and whether a settlement conference is required or desired. If a hearing is requested, the parties shall confer and provide mutually agreeable potential dates for the hearing.

4. On or before _____, the parties shall file any motion seeking leave to amend pleadings or join parties. To the extent it may apply in this case, the deadline for Defendant(s) to file a motion to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a), is _____.

5. Parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____.

6. Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B), on or before _____.

7. Parties shall file all designations of rebuttal experts and serve on all parties the material required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fourteen days of receipt of the report of the opposing expert.

8. The deadline to file supplemental expert reports required under Federal Rule of Civil Procedure 26(e)(2) is at least 30 days before trial. The parties are advised any report filed under this deadline may only supplement the initial report and may not introduce new opinion or subject matter. This deadline is not intended to provide an extension of the deadline by which a party must deliver the substance of its expert information or opinion.

9. Parties shall initiate all discovery procedures in time to complete discovery on or before _____. Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the expiration of the deadline. *See* Local Rule CV-16(d). Counsel may by agreement continue discovery beyond the deadline. The parties are advised that should they agree to extend discovery beyond the deadline, there will be no intervention by the Court except in exceptional circumstances. No trial setting or other deadline set forth herein will be vacated due to information obtained in post-deadline discovery. *See* Local Rule CV-7(d).

10. Counsel shall confer and file a joint report setting forth the status of settlement negotiations on or before _____.

11. On or before _____, the parties shall file any *Daubert* motions and challenge to or motion to exclude expert witnesses. Any such motion must specifically state the basis for the objection and identify the objectionable testimony.

12. On or before _____, parties shall file any dispositive motions, including motions for summary judgment on all or some of the claims. Further, notwithstanding any deadline provided herein, no motion (other than a motion in limine) may be filed after this date except for good cause.

13. The Court will set dates for trial and the final pretrial conference after ruling on any dispositive motions or after the deadline for such motions passes without a pertinent filing. At that time, the Court will also set appropriate deadlines for trial and pretrial conference matters.

_____
(Signature)

_____
(Print or type name)

ATTORNEY FOR

_____
(Print or type name)

CERTIFICATE OF SERVICE